# KIRKLAND & ELLIS LLP

Jay P. Lefkowitz, P.C.
To Call Writer Directly:
+1 212 446 4970
lefkowitz@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

August 25, 2025

Via Electronic Case Filing

Catherine O'Hagan Wolfe
Clerk, U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

  Re:  *In re: Acetaminophen ASD-ADHD Prods. Liab. Litig.* (2d Cir. No. 24-2594)

Dear Ms. Wolfe:

  Plaintiffs-Appellants designated Dr. Roberta Ness as a new expert in an effort to correct errors in Dr. Andrea Baccarelli's unreliable, excluded opinions. Plaintiffs' letter now attempts to shore up Dr. Ness's opinions by reference to a new article co-authored *by Dr. Baccarelli* in a pay-to-play journal, which simply repackages his own previously excluded opinion. That circular effort to salvage Dr. Ness's opinion is procedurally inappropriate and, in any event, does not impact the sound reasoning of the decision below.

  As to procedure, Plaintiffs' letter offers new evidence, not supplemental authority, and thus exceeds the scope of F.R.A.P. 28(j). *See DiBella v. Hopkins*, 403 F.3d 102, 118 (2d Cir. 2005). Moreover, new evidence is irrelevant to this Court's review, which is based "on the record before" the district court. *Clark v. Hanley*, 89 F.4th 78, 84 (2d Cir. 2023).

  In substance, Plaintiffs' letter fares no better. Plaintiffs highlight the district court's consideration of Ahlqvist 2024, and the article's criticism of it, but the district court was clear it would "reach the same decision regarding Dr. Ness's reliability even if Ahlqvist 2024 had not been published." SPA-238.

  Moreover, Dr. Ness was presented with Ahlqvist 2024 before Defendants' Rule 702 motion and declined to supplement her opinions. A-8508. Dr. Ness's decision to ignore a study that undermined Plaintiffs' position did not bar the district court from considering published science in the record before it. *Id.* Were that so, no court could ever consider studies beyond those cherry-picked by a party's expert.

## KIRKLAND & ELLIS LLP

Jay P. Lefkowitz
August 25, 2025
Page 2

      Finally, Plaintiffs now criticize the district court's handling of sibling-control studies, "potential mediators[,]" and exposure misclassification. DE 88.1 at 1. But Plaintiffs did not present their argument regarding potential mediators to the district court, and the district court specifically rejected concerns regarding exposure misclassification in Ahlqvist 2024, explaining that Plaintiffs' critique "neglect[ed]" the study's "detailed analysis" of the issue. SPA-236 & n.36. In any event, Plaintiffs did not raise either issue on appeal and cannot assert new arguments through an improper letter. *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) (arguments omitted from opening brief are waived).

      Respectfully submitted,

      /s/ *Jay P. Lefkowitz*

      Jay P. Lefkowitz