# KIRKLAND & ELLIS LLP

Jay P. Lefkowitz, P.C.
To Call Writer Directly:
+1 212 446 4970
lefkowitz@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

August 29, 2025

<u>Via Electronic Case Filing</u>

Catherine O'Hagan Wolfe
Clerk, U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

   Re: <u>*In re: Acetaminophen ASD-ADHD Prods. Liab. Litig.* (2d Cir. No. 24-2594)<br>Defendants-Appellees' Response to Plaintiffs-Appellants' August 19, 2025 Letter</u>

Dear Ms. Wolfe:

  Contrary to Plaintiffs-Appellants' assertions, *Sommerville v. Union Carbide Corp.*, 2025 WL 2383496 (4th Cir. Aug. 18, 2025), reinforces the Fourth Circuit's prior decision in *Lipitor*, which held that "[r]esult-driven analysis, or cherry picking, undermines principles of the scientific method and is a quintessential example of applying methodologies (valid or otherwise) in an unreliable fashion." *In re Lipitor*, 892 F.3d 624, 634 (4th Cir. 2018). The Fourth Circuit's case-specific determination that the expert in *Sommerville* had not engaged in cherry-picking has no bearing on this appeal.

  In *Sommerville*, the Fourth Circuit found the expert had adequately supported his decision to rely on data produced by the EPA, as opposed to data produced by West Virginia, by explaining why he found the EPA data "more representative of [the plaintiff's] claims." 2025 WL 2383496, at *12. Here, by contrast, Dr. Ness did not merely "prefer[] some studies over others," as Plaintiffs claim. DE 89.1. Instead, as the district court found, Dr. Ness engaged in "flagrant cherry-picking" and reached conclusions "at odds with the data she cites." SPA-240-249 (setting forth examples of Dr. Ness's results-driven analysis). For example, Dr. Ness, like Dr. Baccarelli, "prioritize[d] the results of Brandlistuen 2013," which did not involve ADHD diagnoses, over Gustavson 2021, which did, even though Dr. Ness otherwise gave more weight to studies involving diagnoses. SPA-235; Resp.Br. 33-34. Dr. Ness also downplayed Gustavson due to "its small size," SPA-235, but admitted that "if the results of Gustavson 2021 were replicated, 'that would be a cause for greater concern.'" SPA-236. Yet Dr. Ness chose not to

# KIRKLAND & ELLIS LLP

August 29, 2025
Page 2

address Ahlqvist 2024, despite the study's replication of Gustavson's results with a much larger sample. SPA-234-238.

      Plaintiffs have given this Court no basis to conclude that the district court abused its discretion in excluding Dr. Ness because, among other things, she "ignore[d] statistical significance, cherry-pick[ed] data, and ignore[d] contrary findings." SPA-243. Indeed, Plaintiffs did not even *mention* the district court's findings of cherry-picking in their opening brief, much less offer a persuasive defense. By reaffirming that cherry-picking renders expert testimony unreliable, *Sommerville* provides additional support for affirming the district court's order.

Respectfully submitted,

/s/ *Jay P. Lefkowitz*

Jay P. Lefkowitz